IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        v.                                                    11-CR-00143

JOHN LUCHETTI,

                    Defendant.
_____

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
### FOR EARLY TERMINATION OF SUPERVISED RELEASE

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this memorandum in opposition to the defendant's motion for early termination of supervised release (Doc. 63) ("Motion").

### BACKGROUND

On May 29, 2013, the defendant appeared before the Court and pled guilty to Count 2 of the Indictment, which charged a violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1) [receipt of child pornography]. Minute Entry on May 29, 2013 (11-cr-143); *see* Doc. 46. On October 28, 2013, the Court sentenced the defendant to a term of imprisonment of 96 months and ordered the defendant to serve a 5-year term of supervised release with standard and special conditions. Minute Entry on October 28, 2013 (11-cr-143); *see* Doc. 62. On January 5, 2022, the defendant filed the instant Motion. Dkt. 63. The government opposes the defendant's Motion and respectfully submits this memorandum.

## DISCUSSION

Pursuant to Title 18, United States Code, Section 3583(e)(1), the Court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" terminate a defendant's term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Within the Second Circuit, early termination of supervised release may be granted "[o]ccasionally" when there are "new or unforeseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Unforeseen circumstances may arise when the defendant exhibits "exceptionally good behavior" that would "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals." *Id.* District courts retain authority under 18 U.S.C. § 3583(e) to terminate a term of supervised release early in the interest of justice. *Id.* On the other hand, supervised release may also be lengthened or conditions made harsher "at any time prior to its expiration or termination" even in the absence of a violation of conditions, provided the court considers the purposes of sentencing referenced in § 3583(e). *See United States v. Vargas*, 564 F.3d 618, 623-24 (2d Cir. 2009).

Compliance with the terms of a defendant's supervision, by itself, does not entitle a defendant to early termination. *United States v. Andujar-Ortiz*, 505 F.Supp.3d 192 (W.D.N.Y. 2020) (early termination was not warranted where, despite the positive steps that the defendant took in his life, after weighing the applicable section 3553(a) factors and interest of injustice given the defendant's extremely serious underlying crimes and blemished record while incarcerated and on supervision); *United States v. Jimenez*, No. 99 CR. 1110–02, 2012

WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).  Even where a defendant complies with the law and makes progress, early termination of supervised release may not be warranted.  *See United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (early termination was not warranted where the defendant "resumed his pre-incarceration life; apparently, has resumed his organizational endeavors; and has been restored to his family life" because "[a]ll of these activities are commendable but are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("while the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance'").

      Here, the government opposes early termination of the defendant's term of supervised release.  First, as observed in Supervising U.S. Probation Officer John P. Taberski's memorandum dated January 14, 2022, the defendant has not exhibited full compliance while on supervised release.  The defendant initially began his term of supervision in the Western District of New York, and his supervision was transferred to the District of New Jersey in August 2020.  Officer Taberski noted that, during an October 19, 2020, polygraph examination pursuant to a special condition of the defendant's supervision, deception was detected relating to a question regarding the viewing/possession of child pornography.  The defendant admitted in a subsequent interview to viewing pornography that included the depiction of a male that he thought appeared to be between 16 and 20 years old.  Officer

3

Taberski expressed concern to the defendant's then assigned officer and supervisor in New Jersey.  It was agreed that no Court action would be requested so long as the defendant addressed his issues in sex offender treatment.

In addition to the defendant's lack of full compliance, U.S. Probation recommends that the defendant's Motion be denied.  Officer Taberski further indicated in his January 14, 2022, memorandum that he consulted with Senior U.S. Probation Officer Matthew Kurzawa, who currently supervises the defendant, following the filing of the defendant's Motion.  Ultimately, Officer Kuzawa agreed with Officer Taberski's serious concerns and "that the appropriate course of action would be to advise the Court of [the defendant's] positive adjustment since October 2020, but recommend that [the defendant] remain under supervision until his scheduled expiration date to monitor his continued stability and compliance."

Most importantly, this Court must consider the nature and circumstances of the offense of conviction.  As the government argued to the Court at sentencing, the defendant's offense of conviction is very serious.  As set forth in the Presentence Report, the defendant utilized the username "Doldrum" to share child pornography via a private peer to peer file sharing software called GigaTribe.  On February 11, 2011, a special agent with Homeland Security Investigations observed several image files depicting child pornography as well as several video files with titles indicative of child pornography in the defendant's shared files via an undercover computer, connected to the Internet.  The special agent downloaded five (5) image files and seven (7) video files from the defendant that depicted minors engaged in

4

sexually explicit conduct. For example, the images downloaded included a file named *Brazil_paed065-3* depicting a prepubescent male performing oral sex on an adult male penis and the file named *10 Movie Clip* that is a video file approximately seven (7) seconds in length depicting a nude prepubescent male being anally penetrated by an adult male penis.

Following further investigation, law enforcement determined defendant was the individual utilizing the username "Doldrum." On Mary 9, 2011, law enforcement obtained a federal search warrant for the defendant's residence and executed that search warrant on March 10, 2011. During an interview, the defendant admitted that he used the username "Doldrum," that he began looking at child pornography in Fall 2010, that he viewed child pornography multiple times a month and developed a "morbid curiosity", that he masturbated to child pornography, and that he traded and offered child pornography for others to view via the peer-to-peer software program. He further admitted that when he was 22 years old, he engaged in oral sex with a 16-year-old boy, whom he had met via MySpace.

Forensic analysis of the defendant's Toshiba Satellite C655D computer, which also contained a Seagate hard drive, revealed at least 76 images and eight (8) video files containing child pornography. Most of the images depicted nude prepubescent males posing in various positions, performing oral sex on an adult male penis, or being anally penetrated by an adult male penis. Examples of the files possessed by the defendant include the file named *Kids 10 y hole widened and being fucked violently by two adults* that is a video file four (4) minutes and 45 seconds in length depicting a prepubescent male being anally penetrated by both the penis and finger of an adult male as he is forcibly held down by another adult male as well as a

video file named *!Fuck Lil Broi & Cum* that is one (1) minute and 21 seconds in length depicting two (2) nude prepubescent males on a bed where one of the boys is anally penetrated by an adult penis who then ejaculates on the stomach of the boy. Forensic analysis also recovered the defendant's GigaTribe chat history. In one chat exchange, the defendant stated that he is "into" "12+ generally. Kinda new to this, still trying to get an idea of my tastes." While there was no evidence that the defendant was involved in the production of child pornography, he is indirectly responsible as he knowingly used a file sharing program to obtain and share child pornography. Given the serious nature and circumstances of the offense of conviction, the interests of justice do not weigh in favor of early termination of supervised release.

Furthermore, in deciding whether to terminate a term of supervised release, the Court must consider the need to afford adequate deterrence to criminal conduct. That consideration is especially important here given the defendant's admission that he viewed pornography depicting a male that he thought appeared to be between 16 and 20 years old during his supervision. The defendant has approximately one year and two (2) months of supervised release remaining, and that alone will provide adequate deterrence to criminal conduct and temper any risk that the defendant may reoffend.

Finally, the defendant's motion does not explicitly address any of the factors set forth in section 3553(a), and instead, simply notes that the defendant has been "consistently employed, engaged in treatment, and has no violations." Dkt. 63 ¶3. Notably, the defendant neglects to address the serious nature and circumstances of the offense and his history and characteristics (section 3553(a)(1)) or the need for the sentence imposed to afford adequate

deterrence to criminal conduct (section 3553(a)(2)(B)) and to protect the public from further crimes of the defendant (section 3553(a)(2)(C)). No valid argument supports the early termination of supervised release here. Indeed, the defendant's request is directly contradicted by U.S. Probation's position. Moreover, courts in this District have declined to terminate supervised release early in similar cases. *See United States v. Henke*, W.D.N.Y. Case No. 10-cr-250, Doc. 47 (Skretny, J.) (denying motion for early termination of supervised release in a child pornography case); *United States v. Garrett*, W.D.N.Y. Case No. 08-cr-313, Doc. 37 (Skretny, J.) (denying motion for early termination of supervised release in a child pornography case).

## **CONCLUSION**

For the foregoing reasons, the defendant's term of supervised release should remain as originally sentenced.

DATED: Buffalo, New York, January 20, 2022.

                                          Respectfully submitted,

                                          TRINI E. ROSS
                                          United States Attorney

BY:   s/MAEVE E. HUGGINS
        Assistant U.S. Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5872
        Maeve.Huggins@usdoj.gov